UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 07-80578-Civ-ZLOCH/SNOW

PAULA WENZEL n/k/a PAULA FARRISS,

    Plaintiff,

v.

TEMPLETON & COMPANY, P.A. and
STEVEN TEMPLETON,

    Defendants.
_____/

## ORDER

THIS CAUSE is before the Court on the Defendants' Motion for Sanctions Pursuant to 28 U.S.C. § 1927 (Docket Entry 11) and the Defendants' [second] Motion for Sanctions Pursuant to 28 U.S.C. § 1927 (Docket Entry 13), which were referred to United States Magistrate Judge Lurana S. Snow.

The complaint was filed July 2, 2007, alleging violation of the Fair Labor Standards Act, 29 U.S.C. § 207. The defendants did not file a response to the complaint; instead their counsel entered into settlement negotiations with plaintiff's counsel. The defendants made a settlement offer, followed by a second settlement offer. After discussing the monetary terms of the second offer with the plaintiff, her counsel responded to that offer with an e-mail stating "offer accepted." However, the plaintiff subsequently raised objections to several other terms of the offer which had not been discussed with her. The defendants revised the offer to address some of the plaintiff's issues, but also added other terms

which the plaintiff found unacceptable. At one point, the plaintiff crossed out one term of a previous offer, signed it and returned it as a counter offer, which the defendants rejected. Finally, the plaintiff retained a new attorney who informed the defendants that all negotiations with the plaintiff's prior counsel were at an end.

The defendants filed a motion to enforce the settlement offer which had been accepted by plaintiff's counsel. At the same time, they also filed a motion for sanctions against the plaintiff and her original counsel, Robert Norell, Esquire, for filing a frivolous complaint and for continuing the litigation after the defendants informed Mr. Norell that the plaintiff was an exempt employee who was not entitled to overtime wages. When the plaintiff's new counsel, David Shankman, Esquire, filed a response to the motion to enforce the settlement offer, the defendants filed the second motion for sanctions against the plaintiff and her new counsel (1) for continuing the litigation in spite of evidence in their possession showing that the plaintiff was an exempt employee and (2) for filing a response in opposition to the motion to enforce the settlement agreement.

The undersigned held a hearing on the motion to enforce the settlement and found that the plaintiff had not given Mr. Norell authority to accept the terms of the defendants' second settlement offer. Thereafter the defendants filed a notice that they were withdrawing that portion of the second motion which was

based on filing a response in opposition to the defendants' motion to enforce settlement.

Title 28 U.S.C. § 1927 provides that "[a]ny attorney who so multiplies the proceedings in any case unreasonably and vexatiously may be required to satisfy personally the excess costs, expenses and attorneys' fees reasonably incurred because of such conduct." "[T]he language of § 1927 makes clear that it only applies to unnecessary filings after the lawsuit has begun." Marcort v. Prem, Inc., 208 Fed.Appx. 781, 786 (11th Cir. 2006), quoting, Matter of Yagman, 796 F.2d 1165, 1187 (9th Cir. 1986), amended on other grounds 803 F.2d 1085 (9th Cir. 1986): "Section 1927 does not apply to initial pleadings, since it addresses only the multiplications of proceedings. It is only possible to multiply or prolong proceedings after the complaint is filed."

> Under the plain language of the statute, three essential requirements must be satisfied with respect to an award of sanctions under § 1927. First, the attorney must engage in 'unreasonable and vexatious" conduct. Second that "unreasonable and vexatious" conduct must be conduct that "multiplies the proceedings." Finally, the dollar amount of the sanction must bear a financial nexus to the excess proceedings, *i.e.*, the sanction may not exceed the "costs, expenses, and attorneys' fees reasonably incurred because of such conduct."

Peterson v. BMI Refractories, 124 F.3d 1386, 1396 (11th Cir. 1997).

The defendants' first motion for sanctions was filed before the defendants had responded to the complaint, and argues that the plaintiff and her counsel should be sanctioned for filing

3

a frivolous complaint and for failing to sua sponte dismiss the complaint once the defendants made plaintiff's counsel aware that the plaintiff was an exempt employee not entitled to overtime wages. However, none of the cases cited by the defendants provide for § 1927 sanctions based solely on the filing of the initial complaint, or on plaintiff's failure to sua sponte dismiss the complaint before the defendants filed a response to the complaint. Nor have the defendants cited any legal authority for seeking to assess § 1927 sanctions against both the plaintiff and her counsel jointly and severally for the filing of the original complaint.

The Court finds that since the first motion was directed solely at the filing of the complaint, sanctions pursuant to 28 U.S.C. § 1927 are not appropriate.[1] The second motion for sanctions, insofar as it has not been withdrawn, asserts that the plaintiff's second attorney adopted the complaint and did not sua sponte dismiss the complaint. Again, the motion must be denied since it is directed solely at the complaint. The only filing by Mr. Shankman was the opposition to the motion to enforce the settlement, which the defendant concede could not for the basis for sanctions. Thus Mr. Shankman's only filing was not vexatious and

---

[1] Usually a party seeking § 1927 sanctions must submit evidence if the alleged conduct is not obvious from the pleadings. Patel v. McCall, 200 Fed. Appx. 841, 848 (11th Cir. 2006) However, in the instant case, even if the Court were to accept the defendants' allegations as true, since they are all directed to the merits of the complaint, they do not support § 1927 sanctions. Marcort, 208 Fed. Appx. at 786.

4

did not unnecessarily multiply the proceedings.  With the Court being advised, it is hereby

ORDERED AND ADJUDGED as follows:

1.  The Defendants' Motion for Sanctions Pursuant to 28 U.S.C. § 1927 (Docket Entry 11) is DENIED.

2.  The Defendants' [second] Motion for Sanctions Pursuant to 28 U.S.C. § 1927 (Docket Entry 13) is DENIED.

DONE AND ORDERED at Fort Lauderdale, Florida, this 14th day of December, 2007.

_____
LURANA S. SNOW
UNITED STATES MAGISTRATE JUDGE

Copies to:

David S. Shankman, Esq. (P)
Robert S. Norell, Esq. (P)
Arlene K. Kline, Esq. (Ds)